IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| In re: WALTER HENRY PRICE, | § § § | CIVIL ACTION CAUSE NUMBER 2:09-CV-256-J |
| DEBTOR | § | |

**REPORT AND RECOMMENDATION**

WALTER HENRY PRICE filed his appeal from the final ruling of the Bankruptcy Court on October 15, 2009. On October 23, 2009, PRICE filed a motion for leave to proceed in forma pauperis, which was referred to the undersigned Magistrate Judge by the United States District Judge by Order issued October 26, 2009.

In response to an Order and Notice of Deficiency requiring the history of PRICE's inmate trust account for the previous six-month period, PRICE filed a second motion for leave to proceed in forma pauperis, accompanied by the requisite history of his inmate trust account, which motion was also referred by the United States District Judge to the undersigned Magistrate Judge.

Upon review of PRICE's application and supporting financial disclosure which revealed assets belonging to Mr. PRICE, the Court determined more information was needed. This additional information was received in the body of PRICE's third Application to Proceed In Forma Pauperis, filed December 10, 2009, also subsequently referred to the undersigned Magistrate Judge.

PRICE reveals on January 6, 2009 he received an inheritance consisting of a tract of land in Grand Prairie, Texas worth $56,000.00. It appears PRICE has more than sufficient assets to enable him to pay the filing fee in the instant cause and, therefore, does not qualify for pauper status.

Permission to proceed *in forma pauperis* is granted solely for the purpose of allowing a Report and Recommendation to issue and be considered by the United States District Judge.

For the reasons set forth above, it is the Recommendation of the Magistrate Judge to the United States District Judge that the October 23, November 24, and December 10, 2009 applications to proceed in forma pauperis submitted by WALTER HENRY PRICE be DENIED and the instant appeal be DISMISSED WITHOUT PREJUDICE.

PRICE is advised, and the Clerk is instructed, that if PRICE pays the $350.00 filing fee within **fourteen (14) days after the filing date hereof**, this Report and Recommendation to deny I.F.P. and to dismiss will be withdrawn.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 17th day of December, 2009.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).